UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR ALEXANDER DELGADO FARFAN,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2730

Honorable Jane M. Beckering

**FINAL ORDER**

Petitioner, a noncitizen who was previously detained by the United States Immigration and Customs Enforcement (ICE), initiated this action filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) In Petitioner's present § 2241 action, he asks the Court to "order[] Respondents not to detain Petitioner for the pendency of his EOIR removal proceedings [in Immigration Court]," meaning he will remain released on a $7,500.00 bond, as was previously ordered by the Detroit Immigration Court. (*Id.*, PageID.25; *see* Decision of the Immigration Judge, ECF No. 2-1, PageID.103.) For the reasons set forth below, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and will enjoin Respondents from re-detaining Petitioner during the pendency of his removal proceedings.[1] *See* 28 U.S.C. § 2243 (setting forth that a court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto").

[1] The resolution of this action moots Respondents' motion to dismiss (ECF No. 6) and moots Petitioner's motion for a temporary restraining order (ECF No. 2).

**Discussion**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

On March 9, 2026, this Court conditionally granted Petitioner's prior § 2241 petition and ordered that Petitioner be provided with a § 1226 bond hearing in Immigration Court. Op. & J., *Delgado Farfan v. Raycraft*, No. 1:26-cv-489 (W.D. Mich. Mar. 9, 2026), (ECF Nos. 6, 7). Thereafter, Petitioner received a bond hearing in Immigration Court, at which the Immigration Judge ordered that Petitioner be released from ICE custody on a $7,500.00 bond. (Pet., ECF No. 1, PageID.8.) The Department of Homeland Security appealed the Immigration Judge's bond order to the Board of Immigration Appeals (BIA), and on September 24, 2026, the BIA vacated the Immigration Judge's bond order. (*Id.*, PageID.9.) In the BIA's order, the BIA stated that "[Petitioner] did not meet his burden of proof to demonstrate that he is not a flight risk," and ordered that Petitioner be "detained without bond pending the completion of removal proceedings." (BIA Order, ECF No. 2-3, PageID.109.) On August 10, 2026, Petitioner was approved for special immigrant juvenile status by the United States Citizenship and Immigration Services (USCIS).[2] (Notice, ECF No. 1-2, PageID.32.) Following the BIA's decision, Petitioner

[2] USCIS did not grant Petitioner deferred action at that time. (Notice, ECF No. 1-2, PageID.32.)

initiated this § 2241 action seeking to prevent his re-detention by ICE. (*See* Pet., ECF No. 1, PageID.25.)

Based on the specific circumstances of this case and for the reasons set forth in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof for a § 1226(a) bond hearing), the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and will enjoin Respondents from re-detaining Petitioner during the pendency of his removal proceedings. *See also* (Notice, ECF No. 1-2, PageID.32 (granting special immigrant juvenile status)); *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges").

## Conclusion

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and will enjoin Respondents from re-detaining Petitioner during the pendency of his removal proceedings.

Dated: November 12, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge